IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2222-FL

| | |
|---|---|
| ALLEN DOUGLAS MAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came before the court on respondent's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE # 10). The issues raised in that motion are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF CASE

On August 27, 2008, petitioner was convicted in Beaufort County Superior Court of two counts of possession with intent to sell or deliver cocaine, one count of sale and delivery of cocaine, two counts of trafficking more than four but less than fourteen grams of opium, and one count of sale and delivery of a counterfeit controlled substance. See State v. May, 690 S.E.2d 767, 2010 WL 346456, at *1 (N.C. Ct. App. Feb. 2, 2010) (unpublished table decision). Petitioner was sentenced to consecutive terms of imprisonment, totaling one hundred seventy-nine (179) to two hundred sixteen (216) months imprisonment, with an additional suspended sentence of thirty-six (36) months supervised probation. Id.

Petitioner filed a notice of appeal following his conviction. On February 2, 2010, the North Carolina Court of Appeals found no error. Id. On June 22, 2010, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the North Carolina Court of Appeals, which dismissed the MAR. On July 9, 2010, petitioner filed a *pro se* MAR in the North Carolina Supreme Court, which was dismissed on August 26, 2010. On July 28, 2010, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Supreme Court, which was dismissed on August 26, 2010.

On October 14, 2010, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner alleges the following: (1) the trial court erred when it failed to dismiss his charges based upon insufficient evidence; (2) the trial court erred when it imposed two fines for fifty thousand dollars ($50,000); (3) the trial court erred when it failed to place him on probation for his convictions; and (4) the trial court erred when it failed to consolidate his time. On February 1, 2011, respondent filed a motion for summary judgment, arguing that petitioner's claims are without merit, which was fully briefed.

## STATEMENT OF FACTS

The facts relevant to this petition, as stated by the North Carolina Court of Appeals, are summarized as follows:

> On 13 August 2007, Jim Dugan participated in an arranged drug buy coordinated by Detective Jonathan Kuhn of the Washington Police Department's narcotics division. Detective Kuhn equipped Dugan with a camera and recording device, and Dugan went to the residence of [petitioner] to purchase pills and cocaine, Dugan having told Detective Kuhn that he had made such purchases from [petitioner] in the past. Detective Kuhn gave Dugan $100.00 to make the purchase.
>
> Per the video recording presented at trial, Dugan told [petitioner] he wanted $60.00 worth of 'pills.' [Petitioner] left and returned ten minutes later, at which point Dugan gave [petitioner] the $60.00 and [petitioner] gave Dugan pills that were later

2

determined to be oxycodone hydrochloride. Dugan then told [petitioner] he wanted crack cocaine and gave [petitioner] $40.00; again, [petitioner] left the residence, was gone for approximately thirty minutes, and then returned, at which point the money and drugs were exchanged between the parties. Dugan then returned to Detective Kuhn with the drugs.

May, 2010 WL 346456 at *1.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1), (2). A state

3

court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

B. Analysis

1. Insufficient Evidence

In his first claim, petitioner argues that the trial court erred when it failed to dismiss petitioner's charges because there was insufficient evidence to convict him. In support of his

4

argument that there was insufficient evidence to convict him of trafficking in opium, petitioner asserts there was no evidence that the tablets contained four or more grams of oxycodone hydrochloride. Petitioner's insufficiency of the evidence claim for the charges of intent to sell or deliver cocaine is based on his assertion that there was no evidence that he handed any drugs to Jim Dugan. The court notes that petitioner does not provide any factual support for his insufficient evidence claim for his remaining convictions.

Petitioner raised his insufficient evidence claim on direct appeal to the North Carolina Court of Appeals, which denied it on the merits.[1] Although claims of insufficient evidence are cognizable on collateral review, a federal court's review of such a claim is "sharply limited." Wright v. West, 505 U.S. 277, 296 (1992). The standard of review for a claim of insufficient evidence on habeas corpus review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Id. at 284; see also Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Here, the evidence in the record shows that the State's forensic chemist testified that the tablets obtained from petitioner weighed 4.09 grams each. The evidence also reflects that, on August 13, 2007, Jim Dugan ("Dugan") met petitioner at petitioner's residence with money to purchase pills and cocaine. Petitioner left the residence and returned ten (10) minutes later and gave the pills to Dugan, then left again and returned after thirty (30) minutes to give the crack cocaine to Jim Dugan in exchange for cash. Additionally, video and audio recordings of this transaction were presented to the jury. The court finds that, viewing the evidence presented at trial in the light most

---

[1] The state court's review of the evidence was quite thorough, see May, 2010 WL 346456 at *3-4, and was plainly without error for the reasons set forth below.

5

favorable to the State, there was substantial evidence presented to conclude that petitioner was guilty of both trafficking in opium and possession with intent to sell or deliver cocaine. Petitioner's unsupported allegations as to his insufficiency of the evidence claim for his remaining charges do not warrant relief. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."). Thus, respondent is entitled to summary judgment for petitioner's first claim.

2.  Challenge to Fines

In his second claim, petitioner alleges that the court erred by imposing two fifty thousand dollar ($50,000) fines because there was not enough evidence to show that he possessed the requisite amount of opium. The court has already addressed petitioner's sufficiency of the evidence claim as to the amount of opium at issue, and found it to be meritless. As for his challenge to his fine, it is not cognizable under § 2254 because § 2254 is limited to challenges to the fact or duration of custody. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Prieser v. Rodriquez, 411 U.S. 475, 484 (1973); United States v. Kramer, 195 F.3d 1129, 1129-30 (9th Cir. 1999). Thus, respondent is entitled to summary judgment on petitioner's second claim.

3.  Eighth Amendment Challenge to Sentence

In his third and fourth claims, petitioner challenges the severity of his sentence. Petitioner asserts that the trial court erred when it failed to sentence him to probation, instead of a term of imprisonment, for his offenses in violation of the Eighth Amendment to the United States Constitution. Petitioner also asserts that his sentences should have been consolidated. Respondent

6

asserts that petitioner did not raise these claims on direct appeal or in a properly filed MAR, and thus they are procedurally defaulted.

A petitioner in state custody seeking federal habeas relief must exhaust all remedies available in state courts. 28 U.S.C. § 2254(b)(1)(A). "[T]he exhaustion requirement is satisfied so long as a claim has been 'fairly presented' to the state courts." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). A claim is "fairly presented" if the petitioner presents to the state court the "substance of his federal habeas corpus claim," including "both the operative facts and the controlling legal principles." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotations omitted), overruled on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011). In this case, petitioner did not raise his claims in a properly filed MAR in the Beaufort County Superior Court. Thus, his claims are nonexhausted.

A nonexhausted claim may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner now attempted to present it. Baker, 220 F.3d at 288. However, when the procedural bar that gives rise to exhaustion rests on an independent and adequate state law ground, it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice. Id. (citing Gray v. Netherland, 518 U.S. 152, 162 (1996)); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must show something external prevented him from complying with the state procedural rule. Id. at 753. To show prejudice, a petitioner must show he was "actually prejudiced" as a result of the alleged violation of federal law. See United States v. Frady, 456 U.S. 152, 168 (1982).

7

If petitioner now filed a MAR in state court raising the instant claims, they would be barred by N.C. Gen. Stat. § 15A-1419. That statute provides that a MAR shall be denied when defendant is in adequate position to have raised the claim on appeal or in a prior MAR but did not do so, absent cause and prejudice or fundamental miscarriage of justice. See N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3), & (b); see also Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001) (section 15A-1419 is mandatory); Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998) (section15A-1419(a)(3) is an independent and adequate state procedural bar, precluding federal habeas review). Petitioner has not demonstrated cause or prejudice to overcome the procedural default. Thus, this claim is procedurally barred and respondent is entitled to summary judgment on it.[2]

C. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

---

[2] Even if petitioner's claim was not procedurally barred, he still would not be entitled to relief. The United States Supreme Court in Harmelin v. Michigan, 501 U.S. 957 (1991), held that the Eighth Amendment does not contain a proportionality guarantee. "Rather, it forbids only extreme sentences that are grossly disproportionate to the crime." Id. at 1001 (citing Solem v. Helm, 463 U.S. 277, 288 (1983). "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." Rummel v. Estelle, 445 U.S. 263, 272 (1980).

Petitioner's action does not fit within the exceedingly rare parameters because his sentence of one hundred seventy-nine (179) to two hundred sixteen (216) months imprisonment and thirty-six (36) month suspended sentence for the instant offenses, is not more extreme or disproportionate than other sentences previously upheld under the Eighth Amendment. See, e.g., Mock v. United States, 513 U.S. 810 (1994) (upholding sentence of life without parole for "merely middle-level drug dealers"); Harmelin, 501 U.S. at 996 (upholding sentence of life without possibility of parole for first felony offense consisting of possession of six hundred seventy-two (672) grams of cocaine); Hutto v. Davis, 454 U.S. 370, 372-73 (1982) (holding that forty (40) year sentence for possession with intent to distribute nine ounces of marijuana was not disproportionally severe).

8

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose, 252 F.3d at 684 (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 10) is GRANTED and the petition for habeas corpus (DE # 1) is DENIED. The Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 17<sup>t</sup> day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

10

Case 5:10-hc-02222-FL   Document 14   Filed 08/18/11   Page 10 of 10